Exhibit A

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

AMANDA A. PARFAIT,

        Plaintiff,

vs.

EQUIFAX CONSUMER SERVICES LLC,

EXPERIAN INFORMATION SOLUTIONS INC.,

FIRST FEDERAL CREDIT CONTROL, INC.

        Defendants

Case No.: 6:25-CV-01296-AGM-NWH

PRAYER FOR RELIEF &
DEMAND FOR JURY

## COMPLAINT

1. This is an action brought by AMANDA A. PARFAIT (Plaintiff), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. against Defendants, Experian Information Solutions, Inc. LLC ("Experian"), Equifax Consumer Services LLC ("Equifax"), and First Federal Credit Control, INC. ("FFCC"), and alleges:

## I.  PRELIMINARY STATEMENT

2. Plaintiff's Complaint arises due to violations of the Fair Credit Reporting Act ("FCRA") "), 15 U.S.C. § 1681 et seq. by Equifax, Experian, and First Federal Credit Control. Plaintiff contends Defendants failed reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and consequently reported inaccurate information about Plaintiff.

3. In November of 2024 Plaintiff filed a complaint with the Consumer Finance Protection Bureau ("CFPB") against Defendant FFCC.

4. Defendant FFCC responded by sending a list of unpaid debts that were alleged to be Plaintiffs which included the debt in question. Plaintiff advised Defendant FFCC that the debt is not hers and refused to make a payment.

5. In May of 2025 Plaintiff reviewed her consumer reports and noticed that a new collection item was reporting for a debt that was not hers. Due to Plaintiff previously disputing the inaccurate account a comment from the furnisher Defendant FFCC stating the following was on Plaintiff's consumer report "Consumer Disputes This Account Information".

6. Plaintiff's disputes were ignored, and Defendants continued to verify and report objectively inaccurate information. Astoundingly, Plaintiffs Equifax report has become worse after the dispute. As a result of Defendant's actions Plaintiff has suffered reputational and other harm.

7. Plaintiff's Credit score has decreased of which has resulted in adverse credit pulls ending in denials multiple times as well as potential not getting offered the best interest rate for credit cards and other purchases.

8. This action is to remedy all related harm caused by Defendants egregious, and inaccurate credit reporting to Plaintiffs credit profile.

## II.   JURISDICTION, VENUE, & PARTIES

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, because Plaintiff alleges violation of the FCRA 15 U.S.C. 1681p (permitting actions to enforce liability inappropriate United States District court) which is a federal law.

10. Jurisdiction of this court also arises under violation of the FDCPA 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 because the complaint alleges a federal claim and requires the resolution of substantial questions of federal law

PRAYER FOR RELIEF & DEMAND FOR JURY - 2

11. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391 because Defendants regularly transact business within this District, are otherwise subject to personal jurisdiction in this District, and substantial part of these events giving rise to Plaintiff's claims occurred in this District.

12. Plaintiff is a natural person a resident of Orange County, Florida, and a "consumer" as defined by 15 U.S.C. 1681a(c) of the FCRA and 15 U.S.C § 1692a(3) of the FDCPA.

13. Defendant Equifax is a Georgia corporation with its principal place of business located at 1550 Peach St. Northwest highway 46 Atlanta GA 30309 and is subject to the jurisdiction of this court.

14. Defendant Experian is an Ohio limited liability company with its principal place of business located at 475 Anton Blvd., Costa Mesa, California 92626 and is subject to the jurisdiction of this Court

15. Defendant First Federal Credit Control (herein after "FFCC") is a Clevland corporation that conducts business in the state of Florida with its principal place of business located at 25700 SCIENCE PARK DR STE 370 CLEVELAND, OH 44122 and is subject to this Court.

16. Defendant FFCC, is engaged in the collection of debt from consumers using mail and telephone. Defendant regularly attempts to collect consumers debts alleged to be due to another. The alleged debt came from a financial obligation that was primarily for medical services for personal, or family purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5)

17. During all times pertinent to this Complaint, Defendants were authorized to conduct business in the state of Florida on a routine systematic basis.

### III.    FCRA & FDCPA STATUTORY STRUCTURE

18. Congress enacted the FCRA to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and

PRAYER FOR RELIEF & DEMAND FOR JURY - 3

other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. § 1681b

19. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum accuracy of information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b).

20. Under the FCRA, if the completeness or accuracy of any item of information contained in consumer's file at a consumer reporting agency is disputed by consumer, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate- free of charge - and report the current status of the disputed information, or delete item from before the end of 30-day period beginning on the date on which the agency receives the notice dispute from consumer. 15 U.S.C. § 1681i(a)(4).

21. Under the FCRA, if, after any reinvestigation of information disputed by a consumer, an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate based on the results of the investigation. 15 U.S.C. § 1681i(a)(5).

22. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of failure statutory damages if not less than $100 and not more than $1000 such amount of punitive damages as the court may allow in the cost of action together with reasonable attorney fees. 15 U.S.C. § 1681n.

PRAYER FOR RELIEF & DEMAND FOR JURY - 4

## IV. FACTUAL ALLEGATIONS

23. In November of 2024 Plaintiff was sent a list by Defendant FFCC with multiple inaccurate and incomplete alleged debts.

24. Plaintiff responded to said alleged debt from Defendant by phone and by mail to the inaccuracy of alleged debt was not hers and by mail Plaintiff refused to make payment on all debts that were listed and requested FFCC to cease communication, including, but not limited to credit reporting.

25. In the month of May 2025 Plaintiff was checking her emails and came across an e-mail from Experian from March 26, 2025, stating a new collection item was added to her consumer report.

26. Plaintiff logged into her Experian profile online to check what was added and noticed that an inaccurate collection item from FFCC was added. The inaccuracy of this debt being added was due to Defendants failure to follow maximum possible accuracy.

27. Plaintiff then pulled Equifax consumer report shortly after only to see that FFCC's was also reporting inaccurate information for this collection item. The inaccuracy of this debt being added was due to Defendants failure to follow maximum possible accuracy

28. Comments under collection item in question from both credit reporting agencies stated that the debt had disputed.

29. On May 30, 2025, Plaintiff sent both Equifax and Experian letters via certified mail to inform them that the alleged debt that had been added to her consumer report it was not hers deeming the collection to be inaccurate and/or incomplete.

30. On June 9, 2025, Plaintiff received an e-mail from Experian which informed her that changes to her Experian consumer report were made to her middle name. Due Experian first sending this email, Defendant failed to conduct a reasonable reinvestigation when Defendant received the dispute from Plaintiff for the inaccurate and incomplete information.

PRAYER FOR RELIEF & DEMAND FOR JURY - 5

31. There was no follow up email from Experian that confirms Plaintiffs middle name was changed back to it original state or that the inaccurate middle name was removed from her Experian credit reporting profile. As a result of the inaccurate reporting on Plaintiff's Experian credit report. Plaintiff has continually been evaluated for credit on existing credit lines using an inaccurate consumer report above- outlined information.

32. Had Experian conducted a reasonable investigation Defendant would have uncovered all information pertaining to the debt is inaccurate and is not the Plaintiffs and Plaintiffs name would not have been changed.

33. On June 10, 2025, Plaintiff received notice via email from Experian in response to her dispute informing her that a dispute had been opened.

34. On June 11, 2025, Plaintiff received a response from Experian initially failed to conduct a reasonable reinvestigation due to advising the Plaintiff that the inaccurate collection item had been verified and would remain on her consumer report.

35. On June 11, 2025, Plaintiff later received an additional notification via e-mail that the dispute results from Experian had been updated and after logging into her Experian profile, Plaintiff viewed that the dispute results had been overturned and has been accurately deleted from her consumer report. However, Plaintiff did not receive any notification of her middle name being corrected and changed back to its original state or the inaccurate middle name had been removed from her profile.

36. On June 19, 2025, Plaintiff opened reinvestigation results sent in the mail from Equifax. Defendant failed to conduct a reasonable reinvestigation because Equifax informed Plaintiff that the disputed inaccurate collection item had been verified and would remain on her Equifax consumer report.

PRAYER FOR RELIEF & DEMAND FOR JURY - 6

37. Equifax's verification of this inaccuracy place on Plaintiff consumer report by FFCC is due to their failure to follow reasonable procedures to assure maximum possible accuracy to Plaintiffs consumer report.

38. As a result of the inaccurate reporting on Plaintiff's Equifax credit report, Plaintiff has continually been evaluated for credit on existing credit lines using an inaccurate and/or incomplete consumer reported above- outlined information.

39. At all material times herein Experian and Equifax are each a "consumer reporting agency" As defined in 15 United States Code §1681a(f) Of the FCRA and regularly engage in business of assembling evaluating and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian and Equifax disburse such consumer reports to third parties under contracts for monetary compensation.

40. As a result of FFCC's willful and negligent noncompliance of 15 U.S.C. §1681s-2(b) after receiving a credit dispute from the credit reporting agencies and Plaintiff, inaccurate information continued being reporting on Plaintiffs credit reports for both Equifax and Experian.

41. FFCC's willful and negligent noncompliance of 15 U.S.C. §1681s-2(b) has caused Plaintiff's credit scores has decreased, her credit reputation tarnished causing Plaintiff to continually been evaluated for credit on existing credit lines using an inaccurate consumer report causing higher interest rates and to get denied for credit due to inaccurate and/or incomplete information.

42. As of July 2025, Plaintiff's Equifax credit reports remain showing inaccurate and incomplete information. Had Equifax conducted a reasonable investigation Defendant would have uncovered all information pertaining to the debt is inaccurate and is not the Plaintiffs.

43. As a result of the inaccurate reporting on Plaintiff's credit report plaintiff is currently being evaluated for credit on existing credit lines using an inaccurate consumer report above- outlined information.

PRAYER FOR RELIEF & DEMAND FOR JURY - 7

44. At all times herein, FFCC after receiving Plaintiffs notice of debt dispute hac chosen to willfully and negligently furnished inaccurate information concerning another consumer's debt to Experian and Equifax.

45. Both Credit reporting agencies, Experian and Equifax, have failed the consumer by initially failing to conduct a reasonable reinvestigation.

46. Had a reasonable investigation been conducted by Experian to assure maximum possible accuracy they would have uncovered that there should not have been any name change to Plaintiff's middle name which is still making the Plaintiffs credit report inaccurate.

47. Had a reasonable investigation been conducted by Equifax to assure maximum possible accuracy they would have uncovered that the inaccuracy of the name, address, phone number, etc. does not match with Plaintiff and the debt would have been removed from her consumer report.

48. In not conducting a reasonable reinvestigation Defendants have caused humiliation and mental anguish to Plaintiff. Due to Plaintiff's suffering, Plaintiff has missed multiple days from work over the stress of this inaccurate and erroneous collection item being added to her consumer reports.

49. Violations are documented and are in possession of the Plaintiff

## V.    CAUSES OF ACTION

### COUNT I:
### FAIR CREDIT REPORTING ACT-
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)
### (Equifax and Experian)

50. Plaintiff re-alleges paragraphs one (1) through forty-nine (49) As if fully restate it herein and further states as follows:

51. Equifax and Experian are subject to, and violated the provisions of 15 United States Code section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible

PRAYER FOR RELIEF & DEMAND FOR JURY - 8

accuracy in the preparation of credit reports and credit files published and maintained concerning Plaintiff.

52. Equifax and Experian willfully and or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the debt that is not hers.

53. Equifax incorrectly and misleadingly reported unverifiable information.

54. Experian incorrectly and misleadingly reported unverifiable information by making changes to Plaintiff's name upon receiving dispute for debt in collection. There was not any indication that name was updated or changed back.

55. Further, Equifax willfully and negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating plaintiffs dispute of the above referenced inaccuracy contained in her credit report.

56. Such reporting of another consumer's debts as delinquent and having a balance owed is false in unverifiable on its face in evidence the Defendants' failure to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit file.

57. Defendant's actions were a direct proximate cause as well as substantial factor in, the serious injuries damages, in harm of plaintiff as stated herein.

58. Defendants' violations of 15 United States Code section 1681e(b), constitute negligent or willful noncompliance-or both- with the FCRA and entitled Plaintiff to actual damages, statutory damages, punitive damages, as well as costs as enumerated in 15 United States Code section 1681n, or 1681o, or both.

WHERFORE, Plaintiff prays that the court grant the following relief in favor of Plaintiff and against Defendants Experian and Equifax:

a)  For actual damages;

PRAYER FOR RELIEF & DEMAND FOR JURY - 9

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For cost incurred in this action;

f) For an order directing the Defendants immediately delete and cease reporting inaccurate information to any and all persons and entities whom report consumer credit information; and

g) For such other and further relief as the court may deem just and proper.

**COUNT II:**
**FAIR CREDIT REPORTING ACT-**
**VIOLATION OF 15 UNITED STATES CODE,**
**SECTION 1681i(a)(1)**
**(Equifax and Experian)**

59. Plaintiff re-alleges paragraphs one (1) through forty-nine (49) As if fully restate it herein and further states as follows:

60. Equifax and Experian are subject to, and has violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct a reasonable reinvestigation of Plaintiff's dispute to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information and Plaintiff's credit report and credit file.

61. Experian received the dispute on June 2, 2024; however, The Plaintiff's middle name was changed by Defendant and the dispute was not opened until June 10, 2025, and initially Defendant verified the debt at being valid.

62. Specifically, despite receiving Plaintiffs dispute that advised that the reporting of another consumer's debt both Experian and Equifax willfully and/or negligently failed by refusing to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's dispute, as described herein.

PRAYER FOR RELIEF & DEMAND FOR JURY - 10

63. Defendants' re-investigation of Plaintiffs dispute was not conducted reasonably Defendants reinvestigation of Plaintiffs dispute was not conducted in good faith. Defendants' reinvestigation procedures are unreasonable. Defendants' reinvestigation of Plaintiff's dispute was not conducted using all information reasonably available to Experian and Equifax including but not limited to furniture information from FFCC.

64. Such reporting is false and evidence of Defendants' failure to conduct reasonable re-investigation of Plaintiffs dispute.

65. Defendants' actions in the violation of 15 United States Code section 1681i(a)(1), constitute negligent or willful noncompliance-or both- with the FCRA and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as costs as enumerated in 15 U.S.C., sections 1681n, or 1681o, or both.

**WHERFORE,** Plaintiff prays that the court grant the following relief in favor of Plaintiff and against Defendants Experian and Equifax:

a)  For actual damages;

b)  For compensatory damages;

c)  For statutory damages;

d)  For punitive damages;

e)  For cost incurred in this action;

f)  For an Order directing the Defendants to immediately delete of reporting inaccurate information from Plaintiff's credit reports and files, also to cease the inaccurate information to any and all persons and entities whom report consumer credit information; and

g)  For such other and further relief as the court may deem just and proper.

**COUNT III:**

PRAYER FOR RELIEF & DEMAND FOR JURY - 11

**FAIR CREDIT REPORTING ACT-**
**VIOLATION OF 15 UNITED STATES CODE,**
**SECTION 1681i(a)(4)**
**(Equifax and Experian)**

66. Plaintiff re-alleges paragraphs one (1) through fifty (50) as if fully restate it herein and further states as follows:

67. Equifax and Experian are subject to, and both have violated the provisions of 15 United States Code section 1681i(a)(4), by failing to Review and consider all relevant information received in Plaintiffs dispute.

68. Experian received the dispute on June 2, 2024; however, instead of opening Plaintiffs dispute Defendant's first action was to change the Plaintiff's middle name on June 9, 2025 and then open the dispute on June 10, 2025, and initially Defendant verified the debt at being valid.

69. Specifically, despite receiving Plaintiffs disputes that advised that the reporting of another consumer's debt was inaccurate, false, or incomplete. Experian and Equifax willfully and/or negligently failed to review and consider all information on Plaintiff's credit reports with respect to another consumer's debt that was either inaccurate or could not be verified.

70. Following the Plaintiffs disputes rather than correcting the information from FFCC collection by deleting the debt from Plaintiff's consumer report, Equifax continued to allow the reporting of such erroneous information.

71. Defendants' actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiffs series injuries damages and harm as more fully stated herein.

72. Defendants' violations of 15 United States Code section 1681i(a)(4), constitute negligent or willful noncompliance-or both- with the FCRA and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as costs as enumerated in 15 U.S.C., sections 1681n, or 1681o, or both.

   **WHERFORE,** Plaintiff prays that the court grant the following relief in favor of Plaintiff and against Defendants Experian and Equifax:

PRAYER FOR RELIEF & DEMAND FOR JURY - 12

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For cost incurred in this action;

f) For an Order directing the Defendants immediately to delete reporting inaccurate information from Plaintiff's credit reports and files, also to cease the inaccurate information to any and all persons and entities whom report consumer credit information; and

g) For such other and further relief as the court may deem just and proper

**COUNT IV:**
**FAIR CREDIT REPORTING ACT-**
**VIOLATION OF 15 UNITED STATES CODE,**
**SECTION 1681i(a)5**
**(Equifax and Experian)**

73. Plaintiff re-alleges paragraphs one (1) through forty-nine (49) As if fully restate it herein and further states as follows:

74. Equifax and Experian are subject to and, both have violated the provisions of 15 United States Code section 1681i(a)(5), by failing to promptly update and/or delete inaccurate information that was the subject of Plaintiff's disputes as inaccurate or that could not be verified.

75. Experian received the dispute on June 2, 2024; however, The Plaintiff's middle name was changed by Defendant and the dispute was not opened until June 10, 2025, and initially Defendant verified the debt at being valid.

76. Specifically, despite receiving Plaintiffs disputes that advised that the reporting of another consumer's debt was inaccurate, false, and/or incomplete. Experian and Equifax willfully and/or

PRAYER FOR RELIEF & DEMAND FOR JURY - 13

negligently failed to update or promptly delete information on Plaintiff's credit reports with respect to another consumer's debt that was either inaccurate or could not be verified

77. Defendants' actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiffs series injuries damages and harm as more fully stated herein.

78. Defendants' violations of 15 United States Code section 1681i(a)(5), constitute negligent or willful noncompliance-or both- with the FCRA and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as costs as enumerated in 15 U.S.C., sections 1681n, or 1681o, or both.

   **WHERFORE,** Plaintiff prays that the court grant the following relief in favor of Plaintiff and against Defendants Experian and Equifax:

a)  For actual damages;

b)  For compensatory damages;

c)  For statutory damages;

d)  For punitive damages;

e)  For cost incurred in this action;

f)  For an order directing the Defendants to immediately delete inaccurate information from Plaintiff's credit reports and files, also to cease the inaccurate information to any and all persons and entities whom report consumer credit information; and

g)  For such other and further relief as the court may deem just and proper.


**COUNT V:**
**FAIR CREDIT REPORTING ACT-**
**VIOLATION OF 15 UNITED STATES CODE,**
**SECTION 1681s-2(b)(1)(A)**
**(First Federal Credit Control)**

79. Plaintiff incorporates and reallege paragraphs one (1) through forty-nine (49) above as if fully stated herein.

PRAYER FOR RELIEF & DEMAND FOR JURY - 14

80. Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

81. Furnishers must conduct an investigation with respect to the disputed information pursuant to 15 U.S.C § 1681s-2(b)(1)(A).

82. FFCC repeatedly has failed to conduct an investigation of the Plaintiffs disputes. FFCC knew or should have known that they were furnishing incomplete, inaccurate, Payment/balance history information because they received various disputes bringing attention to this inaccurate and incomplete information

83. Defendant has willfully and/or negligently violated the provisions of the FFCR a by willfully and or negligently failing to Comply with FCRA, 15 U.S.C. § 1681s2-(b).

84. After conducting no investigation or failing to conduct a reasonable investigation, FFCC's actions violated 15 U.S.C § 1681s-2(b)(1)(A) and renders FFCC liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. FFCC's willful and negligent actions entitles Plaintiff to recovery under 15 U.S.C § 1681o as well.

85. Further, FFCC violated 15 U.S.C. § 1681s2-(b) by failing to promptly modify, delete, or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate obsolete and/or incomplete.

86. Following the Plaintiffs disputes rather than correcting the incorrect reported debt, FFCC continued to report erroneous debt causing a decrease in the Plaintiff's credit score.

87. FFCC's Reinvestigation was not conducted in good faith.

88. FFCC's reinvestigation was not conducted reasonably.

89. FFCC's reinvestigation was not conducted using all information reasonably available to the Defendant.

PRAYER FOR RELIEF & DEMAND FOR JURY - 15

90. FFCC's Reinvestigation was *per se* deficient by reason of these failures and its investigation in the collection placed on Plaintiff's consumer report in light of information already provided Including disputes with the credit agencies and directly by Plaintiff.

91. FFCC's Actions in violating the FCRA, 15 U.S.C. §1681s2-(b) Constituted willful and/or negligent noncompliance with the FCRA and entitles plaintiff to actual damages enumerated in 15 U.S.C. §1681o and/or 15 U.S.C. §1681n.

92. Defendant FFCC had actual knowledge of claims made by Plaintiff relating to the debt from communications with Plaintiff

93. Defendant FFCC also **received disputes from the credit reporting agencies** to find this collection item was inaccurate. In light of internal records FFCC **still reported debt as accurate**.

94. FFCC's willful and negligent actions violated 15 U.S.C § 1681s-2(b)(1)(A) and demonstrate an honest disregard for consumers and consumer law

    **WHERFORE,** Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant First Federal Credit Control:

a)  For actual damages;

b)  For compensatory damages;

c)  For statutory damages;

d)  For punitive damages;

e)  For cost incurred in this action;

f)  For an Order directing the Defendant to immediately delete all information from Plaintiff's credit reports and files, also to cease reporting inaccurate information to any and all persons and entities whom report consumer credit information; and

g)  For such other and further relief as the court may deem just and proper

**FAIR CREDIT REPORTING ACT-
VIOLATION OF 15 UNITED STATES CODE,**

PRAYER FOR RELIEF & DEMAND FOR JURY - 16

## SECTION 1681s-2(b)(1)(B)
### (First Federal Credit Control)

95. All preceding paragraphs realleged.

96. Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

97. Furnishers must review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C § 1681s-2(b)(1)(B).

98. Despite having all the information available to it as the furniture of information, the Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. §1681s-2(b)(1)(B) and is **still reporting this information**.

99. FFCC has failed to review all relevant information provided by the consumer reporting agency resulting in continued inaccurate and incomplete reporting to the Plaintiff's consumer report.

100.    FFCC's willful and negligent actions violated 15 U.S.C § 1681s-2(b)(1)(B) and demonstrate an honest disregard for consumers and consumer law

**WHERFORE,** Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant First Federal Credit Control:

a)  For actual damages;

b)  For compensatory damages;

c)  For statutory damages;

d)  For punitive damages;

e)  For cost incurred in this action;

f)  For an Order directing the Defendant to immediately delete all information from Plaintiff's credit reports and files, also to cease reporting inaccurate information to any and all persons and entities whom report consumer credit information; and

PRAYER FOR RELIEF & DEMAND FOR JURY - 17

g) For such other and further relief as the court may deem just and proper

## FAIR CREDIT REPORTING ACT-
## VIOLATION OF 15 UNITED STATES CODE,
## SECTION 1681s-2(b)(1)(C)
### (First Federal Credit Control)

101.     Plaintiff incorporates paragraphs above as if fully stated herein.

102.     Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

103.     Furnishers must report the results of the investigation to the consumer reporting agency pursuant to 15 U.S.C § 1681s-2(b)(1)(C).

104.     FFCC has failed to report results to the consumer reporting agency because inaccurate and incomplete items disputed by the Plaintiff remain unchanged.  Defendant continues to report misleading dispute statuses of "account previously in dispute-investigation complete."

105.     FFCC either conducted no investigation or an unreasonable investigation because disputed items remain inaccurate and incomplete therefore would be unable to report results of an investigation they did not conduct or complete to the consumer reporting agencies.

106.     FFCC's actions violated 15 U.S.C § 1681s-2(b)(1)(C) and demonstrate an honest disregard for consumers and consumer law

**WHERFORE,** Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant First Federal Credit Control:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

PRAYER FOR RELIEF & DEMAND FOR JURY - 18

d)  For punitive damages;

e)  For cost incurred in this action;

f)  For an Order directing the Defendant to immediately delete all information from Plaintiff's credit reports and files, also to cease reporting inaccurate information to any and all persons and entities whom report consumer credit information; and

g)  For such other and further relief as the court may deem just and proper

## FAIR CREDIT REPORTING ACT-
## VIOLATION OF 15 UNITED STATES CODE,
## SECTION 1681s-2(b)(1)(D)
### (First Federal Credit Control)

107.    Plaintiff incorporates all paragraphs above as if fully stated herein.

108.    Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

109.    Furnishers must report results of an investigation to all Consumer reporting agencies to which they furnished the information and that compile and maintain files on the Plaintiff on a nationwide basis if the investigation finds the information is incomplete or inaccurate pursuant to 15 U.S.C § 1681s-2(b)(1)(D).

110.    FFCC failed to conduct an investigation or a reasonable reinvestigation therefore did not report the results of inaccurate and incomplete information it furnished to all consumer reporting agencies pursuant to 15 U.S.C § 1681s-2(b)(1)(D).

111.    FFCC's willful and negligent actions violated 15 U.S.C § 1681s-2(b)(1)(D) and demonstrate an honest disregard for consumers and consumer law

WHERFORE, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant First Federal Credit Control:

PRAYER FOR RELIEF & DEMAND FOR JURY - 19

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For cost incurred in this action;

f) For an Order directing the Defendant to immediately delete all information from Plaintiff's credit reports and files, also to cease reporting inaccurate information to any and all persons and entities whom report consumer credit information; and

g) For such other and further relief as the court may deem just and proper

**FAIR CREDIT REPORTING ACT-**
**VIOLATION OF 15 UNITED STATES CODE,**
**SECTION 1681s-2(b)(1)(E)**
**(First Federal Credit Control)**

112.    Plaintiff incorporates all paragraphs above as if fully stated herein.

113.    Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

114.    Defendant has willfully and/or negligently violated the provisions of the FCRA a by willfully and or negligently failing to Comply with FCRA, 15 U.S.C. § 1681s2-(b).

115.    Pursuant to 15 U.S.C § 1681s-2(b)(1)(E), if an item of information disputed by a consumer is found to be inaccurate, incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify the information, delete the information, or permanently block the reporting of that item of information

PRAYER FOR RELIEF & DEMAND FOR JURY - 20

116.     Specifically, FFCC violated 15 U.S.C. § 1681s2-(b) by failing to conduct a reasonable investigation resulting in FFCC's verification of inaccurate and incomplete disputed information on Plaintiff's consumer

117.     Further, FFCC willful actions resulted in the violations 15 U.S.C. § 1681s2-(b) by failing to promptly modify, delete, or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate obsolete and/or incomplete.

118.     Following the Plaintiffs disputes rather than correcting the incorrect reported debt, FFCC continued to report erroneous debt causing a decrease in the Plaintiff's credit score.

119.     FFCC's Reinvestigation was not conducted in good faith.

120.     FFCC's reinvestigation was not conducted reasonably.

121.     FFCC's reinvestigation was not conducted using all information reasonably available to the Defendant.

122.     Defendant FFCC had actual knowledge of claims made by Plaintiff relating to the debt from communications with Plaintiff

123.     Defendant FFCC also **received disputes from the credit reporting agencies** to find this collection item was inaccurate. In light of internal records FFCC **still reported debt as accurate.**

124.     FFCC's Actions and in actions are willful and negligent, rendering it liable for actual, statutory damages, and punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

125.     Plaintiff is entitled to recover costs from Defendant In an amount to be determined by the court pursuant to 15 U.S.C. §1681n and/or § 1681o.

126.     FFCC's willful and negligent actions violated 15 U.S.C § 1681s-2(b)(1)(E) and demonstrate an honest disregard for consumers and consumer law

PRAYER FOR RELIEF & DEMAND FOR JURY - 21

WHERFORE, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant First Federal Credit Control:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For cost incurred in this action;

f) For an Order directing the Defendant to immediately delete all information from Plaintiff's credit reports and files, also to cease reporting inaccurate information to any and all persons and entities whom report consumer credit information; and

g) For such other and further relief as the court may deem just and proper

## VI. DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on issues so triable.

Respectfully submitted:

AMANDA A PARFAIT

10422 Bridlewood Ave.

Orlando, FL 32825

sewtillblue@gmail.com

PRAYER FOR RELIEF & DEMAND FOR JURY - 22