**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO: 6:25-CV-01296-AGM-NWH**

AMANDA A. PARFAIT,

Plaintiff,

v.

EQUIFAX CONSUMER SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS INC., and FIRST FEDERAL CREDIT CONTROL INC.,

Defendants.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RULE 56(d) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Equifax Information Services LLC (incorrectly identified as Equifax Consumer Services LLC) ("Equifax"), by Counsel, hereby files its Response in Opposition to Plaintiff's Motion for Summary Judgment ("Response"), and shows the Court as follows:

## INTRODUCTION

Plaintiff, proceeding *pro se*, is ready for a resolution to this case. Unfortunately, this led her to yet *again* prematurely file a Motion for Summary Judgment ("Motion").[1] Plaintiff wants this Court to resolve claims with hardly any record citations (other than her own exhibits, some of which were *only* filed with her

[1] Plaintiff's previous Motion for Summary Judgment was stricken for failure to comply with Local Rule 1.08. *See* ECF No. 40 for the original Motion and ECF No. 56 for Order striking same.

original summary judgment motion), using unauthenticated exhibits. Even if this were not the case, Plaintiff's Motion is premature. The discovery period in this case remains open until March 8, ***2027***. *See* ECF No. 33, the Court's Case Management and Scheduling Order. Plaintiff, by her own admission in her discovery responses, plans on conducting further discovery, including hiring expert witnesses, which, as of the date of this filing, has yet to commence. Depositions have not been taken or noticed by any party. Instead of conducting further discovery, Plaintiff is trying to force an early resolution through an improper Motion.

This saga began with the filing of Plaintiff's Complaint on July 17, 2025. *See* ECF No. 1. Plaintiff filed an Amended Complaint on March 13, 2026. *See* ECF No. 52-1. In her Amended Complaint, Plaintiff alleged that Defendant First Federal Credit Corporation ("FFCC") sent her a list of debts that were "inaccurate and incomplete." *Id.* at ¶ 23. She alleged she disputed these debts with FFCC but FFCC reported her delinquency to the consumer reporting agency defendants, Equifax and Experian Information Solutions, Inc. ("Experian"). This allegedly prompted Plaintiff to dispute the debts with Equifax and Experian. When the disputed information was allegedly not removed, Plaintiff brought this lawsuit against Equifax and Experian under two subsections of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b) and § 1681i.

A number of material facts remain in dispute or have yet to be discovered including: whether any consumer report Equifax published regarding Plaintiff contained an inaccuracy, whether there is a specific account or item of information that Plaintiff contends is inaccurate, whether Equifax maintains reasonable procedures to comply with the FCRA, whether Equifax completed a reasonable reinvestigation in response to any dispute, whether any failure to conduct a reasonable reinvestigation was negligent or willful, whether Plaintiff suffered any damages by Equifax, whether Equifax published any consumer reports without a permissible purpose, and whether Plaintiff failed to mitigate her damages. *See* Declaration of Sylas A. Kern, ¶¶ 11-20. The answers to the disputed questions will be found through the discovery process. Accordingly, Equifax respectfully requests this Court deny Plaintiff's Motion.

## LEGAL STANDARD

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Once the moving party has made the required showing that there is no evidence of a genuine fact for trial on a particular claim, "the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact [ ]" on that particular claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Summary judgment is a drastic remedy which is to be granted cautiously: "[n]either do we suggest that the trial courts should act other than with caution in granting summary judgment . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A motion for summary judgment can be defeated in several ways. One way is to show that the moving party's papers fail to establish absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(B). Furthermore, "[a] district court may grant summary judgment in the early stages of discovery only if further discovery would be pointless and the movant is clearly entitled to summary judgment." *Blumel v. Mylander*, 919 F.Supp. 423, 428 (M.D. Fla. 1996) (internal quotations omitted). After all, "summary judgment may only be decided upon an adequate record." *WSB–TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988).

**ARGUMENT**

Although Rule 56(b) of the Federal Rules of Civil Procedure allows a party to file a motion for summary judgment at any time, Rule 56(d) "provides shelter against a premature motion for summary judgement[.]" *Est. of Todashev by Shibly v. United States,* 815 F. App'x 446, 450 (11th Cir. 2020). "[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Id.* at 450 (internal citations and quotations omitted). "When faced with a Rule 56(d) motion, a district court may defer consideration of a pending motion for summary judgment; deny the motion for summary judgment; 'allow

additional time to obtain affidavits or declarations or to conduct discovery[;] or issue another appropriate order.'" *Dorey v. Hartmann*, No. 5:22-cv-657-WFJ-PRL, 2025 WL 90050, at *1 (M.D. Fla. Jan. 14, 2025) (quoting *id.*).

Here, discovery does not close for several months. Equifax has not had the opportunity to engage in meaningful discovery sufficient to fully develop its defenses to Plaintiff's lawsuit. For example, Equifax has not had the opportunity to meaningfully pursue discovery upon Defendant FFCC, the furnisher of the disputed information. The full background related to Plaintiff's disputes to Equifax cannot be known without discovery from FFCC, whom likely possesses essential information that cannot be determined from any other source that can shed light on the history of Plaintiff's account. It would be improper to consider summary judgment on Plaintiff's FCRA claims without the benefit of that information.

Depositions have not even been noticed, let alone completed. Equifax's co-Defendants have not propounded any discovery nor has Plaintiff propounded any upon them. *See Rumble Inc. v. Jammi*, No. 8:23-cv-2718-CEH-LSG, 2025 WL 974676, at *2 (M.D. Fla. Apr. 1, 2025) (denying a motion for summary judgment as premature where "discovery is not yet complete, and both the individual Defendants, as well as several other third-parties, have not yet been deposed."). Plaintiff served responses to Equifax's discovery requests on November 24, 2025, complete with unverified interrogatory responses and only eleven pages of document production.

Although Plaintiff testified in her interrogatory responses that she is currently interviewing possible expert witnesses, as of the date of this filing, none have been disclosed. Equifax has had *no* opportunity to conduct expert discovery, despite Plaintiff's intention to hire at least one expert. Moreover, expert witness reports are not due for disclosure until 2027.

Plaintiff's Motion also includes exhibits that are not part of the record (other than her own exhibits to the motion) and are unauthenticated. In order "for a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by an affidavit that meets the requirements of the summary judgment rule." *Williams v. Eckerd Family Youth Alternative*, 908 F.Supp. 908, 911 (M.D. Fla. 1995). Plaintiff *does* attach an affidavit to her Motion but the only mention of her sixteen exhibits are a brief reference to Exhibits A, B, and C, claiming such documents are "true and correct copies." ECF No. 57-4 at p. 4.

Among Plaintiff's exhibits include a "Statement of Credit Denial, Termination, or Change," two screenshots of webpages on my.equifax.com, an illegible copy of a document from Mercedes-Benz of North Orlando with an accompanying retail installment sale contract, screenshots of someone's Facebook profile, screenshots from Whitepages, medical appointment scheduling documents, an excerpt of Equifax's interrogatory responses, and medical documents While the relevance of many of these documents remains unclear, many were not previously

provided to Equifax. *See* ECF No. 33 for the Court's Case Management and Scheduling Order, at p. 6 ("Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact."). The Motion's "Statement of Undisputed Material Facts" does not cite to a single item in the record outside of the Motion's exhibits and two documents produced by Equifax. After all, this case is in its infancy; there is not even a full record yet to cite. Summary judgment is, therefore, entirely premature.

## CONCLUSION

For the reasons stated herein, Equifax respectfully requests the Court deny Plaintiff's Motion for Summary Judgment, and grant all other relief as the Court deems appropriate.

**CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

DATED: June 25, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Sylas A. Kern*

Sylas A. Kern, Bar No. 1045399
skern@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5413
Facsimile: (312) 460-7000

*Counsel for Defendant*
*Equifax Information Services LLC,*
*incorrectly identified as*
*Equifax Consumer Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RULE 56(d) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

Amanda A. Parfait, *plaintiff pro se*
10422 Bridlewood Avenue
Orlando, Florida 32825

*/s/ Sylas A. Kern*
Sylas A. Kern
*Counsel for Defendant*
*Equifax Information Services LLC,*
*incorrectly identified as*
*Equifax Consumer Services LLC*