## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AMANDA A. PARFAIT,

Plaintiff,

vs.

EQUIFAX CONSUMER SERVICES LLC,

EXPERIAN INFORMATION SOLUTIONS
LLC,

Case No.: 6:25-CV-01296-AGM-NWH

FIRST FEDERAL CREDIT CONTROL INC

Defendant(s)

## PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES, Plaintiff Amanda A. Parfait ("Plaintiff"), proceeding pro se,

in support of her Motion for Summary Judgment (ECF No. 57) and in response to

Defendant First Federal Credit Control, Inc.'s ("FFCC") Opposition (ECF No. 64).

### I. INTRODUCTION

Defendant opens its opposition by identifying three reasons Plaintiff's Motion

for Summary Judgment should be denied: (1) that Plaintiff failed to establish a

reasonable investigation would have revealed inaccuracy; (2) that Plaintiff failed to

establish FFCC did not conduct a reasonable investigation; and (3) that Plaintiff

submitted no evidence of willful misconduct. (ECF No. 64, pg. 1.) None of these

arguments holds up against the record.

Before addressing each in turn, one threshold failure cannot go

unacknowledged: FFCC itself submitted no affidavit, no declaration, no documentary evidence, and no "significant probative evidence" of its own with its opposition. The Court's Case Management and Scheduling Order expressly requires that the memorandum in opposition *shall* be accompanied by "affidavit(s) and other evidence in the form required by Federal Rule of Civil Procedure 56." (ECF No. 33, pg. 6 ¶ H) (emphasis added). The word "shall" denotes a mandatory requirement. FFCC wholly ignored this directive. Its opposition is supported solely by attorney argument and its own unverified recitation of general policies. That failure alone warrants granting Plaintiff's Motion.

The Supreme Court's decision in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), controls here. "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. But a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading," and "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248–49 (quoting Fed. R. Civ. P. 56(e)). The Court further explained that "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial"—and that, absent "any significant probative evidence tending to support" its position, a party cannot get to a jury merely on its allegations. *Id.* at 249 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S.

253, 288–90 (1968)). FFCC's opposition is precisely the kind of submission *Anderson* holds is insufficient to defeat summary judgment.

What FFCC has done instead is rely on three defective strategies: attacking the admissibility of Plaintiff's evidence while submitting no competing evidence of its own; citing caselaw that does not stand for the propositions FFCC asserts; and reciting its written investigation policies as a substitute for proof that any actual investigation was conducted. The undisputed evidence—including but not limited to both Equifax's and FFCC's own discovery responses, dated and time-stamped account notes, and the sworn affidavit of the actual debt owner, Amanda M. Parfait—demonstrates that FFCC failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b), and that a proper investigation would have revealed the reported information was inaccurate. Summary judgment in Plaintiff's favor is warranted.

## II. FFCC'S ADMISSIBILITY CHALLENGE FAILS: PLAINTIFF'S EVIDENCE IS PROPERLY AUTHENTICATED

FFCC echoes throughout its opposition arguing that none of Plaintiff's exhibits are admissible because they were not authenticated by affidavit. (ECF No. 64, pgs. 1–3.) This is both factually incorrect and legally without merit.

FFCC itself concedes that Plaintiff's affidavit is "possibly" admissible. (ECF No. 64, pg. 2.) That concession is dispositive. Under Federal Rule of Civil Procedure 56(c)(4), an affidavit "must be made on personal knowledge, set out facts that would

be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Plaintiff's affidavit satisfies each requirement. Plaintiff, as the subject of the disputed credit reporting, has personal knowledge of every exhibit she submitted—including but not limited to the credit report entries, the ACDV dispute records, and the FFCC correspondence she received directly which is an exhibit attached to a proper affidavit and identified therein is authenticated for purposes of Rule 56.

Beyond Plaintiff's own affidavit, the exhibits derived from FFCC's own production in discovery—including but not limited to the account notes (FFCC4 (EXHIBIT 1) and FFCC5(EXHIBIT 2)), the internal fact sheet (FFCC6 EXHIBIT 3), and FFCC's verified interrogatory responses—are party admissions under Federal Rule of Evidence 801(d)(2) and require no separate authentication. FFCC cannot challenge the admissibility of its own discovery responses.

The Declaration and Affidavit of Ms. Amanda M. Parfait, (ECF no. 55 EXHIBIT A), is independently admissible on the same grounds made on personal knowledge, setting out facts admissible in evidence, and demonstrating her competency to testify. Fed. R. Civ. P. 56(c)(4). Ms. Amanda M. Parfait's affirmative statement that she is the actual owner of the disputed medical debt is precisely the kind of competent summary judgment evidence that a reasonable jury could credit. It is neither conclusory nor speculative; it is first-hand attestation of ownership. FFCC offers no sworn rebuttal to it.

4

FFCC's reliance on *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993), is misplaced. That case addressed documents submitted on the morning of a summary judgment hearing without any affidavit whatsoever. Here, Plaintiff's documents are identified in and attached to her sworn affidavit, filed well in advance of this proceeding. The analogy does not hold. Similarly, *Smith v. Campus Lodge Gainesville*, No. 1:20-cv-168-AW-GRJ, 2021 U.S. Dist. LEXIS 250343 (N.D. Fla. Sep. 23, 2021)—cited by FFCC for the proposition that unauthenticated documents cannot be considered—involved a plaintiff who offered no competent evidence whatsoever in a race discrimination case. Plaintiff here has offered substantial, sworn, authenticated evidence. That case has no relevance here.

## III. THE UNDISPUTED RECORD ESTABLISHES BOTH THAT FFCC'S INVESTIGATION WAS UNREASONABLE AND THAT A PROPER INVESTIGATION WOULD HAVE REVEALED THE INACCURACY

FFCC argues on pages 8 through 11 of its opposition that Plaintiff failed to show its investigation was unreasonable, and separately that even if it was, Plaintiff cannot show a different investigation would have changed the result. Both arguments fail together, because the same evidence answers both.

### A. Reciting a Policy Is Not Proof the Policy Was Followed.

FFCC devotes several pages of its opposition to describing its written investigation procedures. (ECF No. 64, pgs. 8–10.) But describing a policy is not the same as demonstrating that the policy was followed. The relevant question is not what FFCC's procedures say on paper—it is what FFCC's employees actually did

when they received Plaintiff's specific, identity-based dispute. On that question, the record is telling.

FFCC's own dated and time-stamped account notes, produced in discovery, show that the entirety of the "investigation" conducted between November 25 and December 3, 2024, consisted of requesting from personnel and mailing the received documents to Plaintiff. The notes from December 3, 2024, at 8:08 a.m. reads "TO RE CHECK ALL BALANCES." Two minutes later, at 8:10 a.m., the response was "5. STILL OWED." (*see* FFCC5, Exhibit 2.) A two-minute balance check is not a reasonable investigation into an identity dispute.

FFCC's own policies require personnel to note the account during any investigation so that prior investigation activity is documented for future reinvestigations. (ECF No. 64, pg. 10 ¶ D (3).) The account records contain *no* notations reflecting any investigation took place between June 5 and June 11, 2025— the period during which Plaintiff's reinvestigation disputes were pending and ultimately "verified". The only nearby entry of notes on the date of 07/17/2025 reads: "SUED US IN FLORIDA SENT TO BOYD." (*see* FFCC5, Exhibit 2.)  The absence of investigation notes, measured against FFCC's own mandatory documentation policy, is compelling evidence that no investigation occurred.

## B. FFCC Applied the Wrong Procedure to Plaintiff's Dispute.

FFCC's stated procedure requires employees to "review the dispute reason, see if the information matches what came from the client, i.e., creditor, original and

current balance and date; if it does not match, mark the account to be removed from credit." (ECF No. 64, pg. 9 ¶ C.) This framework is designed for disputes about *balance accuracy*—not identity disputes. Plaintiff did not dispute the balance. She disputed that the account belonged to her at all.

By FFCC's own admission, its separate procedure for an identity dispute— "[i]f the account code comes from Palinode stating it is not the individual's account, the appropriate FFCC employee must ensure with the client that the information FFCC has is accurate" (ECF No. 64, pg. 10 ¶ E)—required FFCC to go back to the original creditor and verify ownership. There is no evidence in the record that FFCC did so. A reasonable jury could conclude that applying a balance-check procedure to an identity dispute is, by definition, unreasonable. This is not a close question.

## C. A Reasonable Investigation Would Have Uncovered Objective, Verifiable Discrepancies—in FFCC's Own File.

FFCC argues that Plaintiff cannot prevail without showing "that had the furnisher conducted a reasonable investigation, the result would have been different." *Felts v. Wells Fargo Bank*, 893 F.3d 1305, 1312–13 (11th Cir. 2018). Plaintiff satisfies this standard. The undisputed record contains the following facts, all of which a reasonable investigation would have uncovered and all of which were visible in FFCC's own file without any external inquiry:

7

- **Name discrepancy:** FFCC's own records listed the debt as "Regarding: Parfait, Amanda M."—a different middle initial than Plaintiff, Amanda *A.* Parfait.

- **Date of birth discrepancy:** FFCC's records listed a date of birth of 07/14/1994. Plaintiff's actual date of birth, as reflected on the ACDV, is 01/02/1987. On e-OSCAR, both date of birth and Social Security Number were listed as unknown.

- **Address discrepancy:** The itemized hospital statement associated with the debt listed an address of 1781 Grande Pointe Blvd, #9109, Orlando, FL 32839—which Plaintiff never lived at. Plaintiff has lived at 10422 Bridlewood Ave. Orlando FL 32825 since 2016.

- **SSN mismatch:** FFCC did not possess Amanda M. Parfait's Social Security Number and used Plaintiff's SSN for comparison, despite having no basis to connect the two.

- **Internal fact sheet:** FFCC's own internal records (FFCC6) confirmed the debt belonged to Amanda M. Parfait. Only the first and last name was reported to Plaintiff's credit file, stripping the middle initial that would have immediately flagged the discrepancy.

- **Affidavit of the actual debt owner:** Ms. Amanda M. Parfait has sworn, under oath, that the debt is hers—not Plaintiff's. This is the most damning direct evidence that a reasonable investigation would have revealed a different result.

8

FFCC relies on *Holden v. Holiday Inn Club Vacations, Inc.*, 98 F.4th 1359, 1363 (11th Cir. 2024)—the same case cited as *Milgram* on the cover page of its opposition—for the proposition that an alleged inaccuracy must be "objectively and readily verifiable" and that disputes "stemming from a contractual dispute without a straightforward answer" fall short of that standard. But *Holden* addressed a dispute about whether a plaintiff owed a contractual obligation. This case is fundamentally different. The "inaccuracy" here is not a legal or contractual question. It is an objective identity mismatch between two real people—confirmed by FFCC's own internal records and by the sworn testimony of the actual account owner. These discrepancies are not only "objectively and readily verifiable"—they were sitting in FFCC's own file the entire time. *Holden* does not protect FFCC from liability for failing to look at its own records.

FFCC also cites *Walker v. Experian*, 2024 U.S. Dist. LEXIS 56129 (M.D. Ala. Mar. 28, 2024), for the proposition that it "had no right to relieve Plaintiff of her obligation." (ECF No. 64, pg. 5 ¶ 2.) But FFCC's own stated policy says that if account information "does not match, mark the account to be removed from credit." (ECF No. 64, pg. 9 ¶ C.) FFCC cannot simultaneously argue that its own policy required removal upon a mismatch and that it had "no right" to remove the account. These positions are irreconcilable, and a jury is entitled to consider that contradiction.

9

Finally, FFCC argues that because determining the "reasonableness" of an investigation involves weighing evidence, summary judgment is inappropriate. (ECF No. 64, pg. 6.) That argument might have force if there were competing evidence to weigh. There is none. FFCC submitted no affidavit, no testimony from the employee who handled the dispute, and no documentation reflecting any investigation. Without competing evidence, there is nothing for a jury to weigh against the record Plaintiff has presented.

## IV. THE RECORD SUPPORTS A FINDING OF WILLFUL MISCONDUCT UNDER 15 U.S.C. § 1681n

FFCC argues that Plaintiff submitted "no evidence of willful misconduct." (ECF No. 64, pg. 11.) This contention ignores the record. Willfulness under § 1681n encompasses not only knowing violations but also conduct reflecting "reckless disregard" for the FCRA's requirements. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). The following evidence, taken together, supports a finding of willful or reckless conduct:

- FFCC verified Plaintiff's account as accurate despite glaring discrepancies in its own records—name, date of birth, address, and SSN—that were visible without any external inquiry.

- FFCC applied a balance-verification procedure to an identity dispute, deliberately or recklessly ignoring the actual nature of Plaintiff's dispute.

- FFCC's own documentation policy required notes during any investigation;

the complete absence of notes during the June 2025 reinvestigation period reflects either that no investigation occurred, or that FFCC consciously disregarded its own mandatory procedures.

- Plaintiff's credit file was burdened with another consumer's medical debt for approximately 14 months, despite Plaintiff's repeated disputes.

FFCC's assertion that it "only provide[s] accurate information to credit reporting agencies" as a matter of policy (ECF No. 64, pg. 9 ¶ 1) is directly contradicted by the fact that it reported Amanda M. Parfait's debt to Plaintiff, Amanda A. Parfait's, credit file. A jury could find that this contradiction, combined with the documented failures above, reflects reckless disregard for FFCC's statutory obligations.

FFCC also argues that Plaintiff's citation to *Williams v. First Advantage LNS Screening Sols., Inc.*, 947 F.3d 735 (11th Cir. 2020), is unsupported because defense counsel's word search of that opinion failed to find the quoted language. (ECF No. 64, pg. 11 n.1.) Plaintiff notes this discrepancy. The controlling standard for willfulness, however, is *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), which squarely supports Plaintiff's position regardless.

As for damages, FFCC argues that Plaintiff's damages argument is "irrelevant" because liability has not yet been established. (ECF No. 64, pg. 11.) This Reply does not request a damages determination at this stage—it requests a finding

of liability on the undisputed facts. Plaintiff's full damages evidence will be presented at trial, as stated in her Motion.

## V. CONCLUSION

FFCC's opposition presents no genuine dispute of material fact. It submitted no affidavit, no declaration, and no documentary evidence. Its written policies, recited in attorney argument, do not substitute for proof that those policies were applied to Plaintiff's dispute. The undisputed evidence—FFCC's own account notes, its internal fact sheet, its verified discovery responses, Plaintiff's Affidavit, and the Affidavit of Amanda M. Parfait—compels the conclusion that FFCC failed to conduct any meaningful investigation into an identity-based dispute it had every reason and every obligation to investigate carefully. A reasonable jury could only conclude that FFCC violated its obligations under the FCRA.

FFCC verified inaccurate information about a debt belonging to a stranger, allowed that information to burden Plaintiff's credit file for approximately 14 months, and did so in a manner that reflects, at minimum, reckless disregard for the FCRA's requirements. There is no genuine issue of material fact. Plaintiff respectfully requests that this Honorable Court grant her Motion for Summary Judgment against Defendant First Federal Credit Control, Inc. and award such other and further relief as is just and proper.

12

## Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: to reorganize Plaintiff's reply draft in response to FFCC's opposition. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure, and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure, and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing, I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Respectfully submitted,

Amanda A. Parfait, Pro Se,

10422 Bridlewood Ave

Orlando, FL 32825

(561) 914-6561

sewtillblue@gmail.com

Dated: June 30, 2026

## CERTIFICATE OF SERVICE

I, Amanda A. Parfait, hereby certify that on June 30, 2026, I presented the foregoing

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR

13

SUMMARY JUDGMENT with the Clerk of the Court, which will send notification

to DEFENDANT FFCC by way of the CM/ECF system and of such filing to all

counsel of record.