UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMANDA A. PARFAIT,

Plaintiff,

vs.

EQUIFAX CONSUMER SERVICES LLC,

EXPERIAN INFORMATION SOLUTIONS
LLC,

FIRST FEDERAL CREDIT CONTROL INC

Defendant(s)

Case No.: 6:25-CV-01296-AGM-NWH

PLEADING TITLE

**PLAINTIFF'S AMENDED REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT In RESPONSE TO DEFENDANT FIRST FEDERAL CREDIT
CONTROL INC.'S OPPOSITION**

NOW COMES, Plaintiff Amanda A. Parfait ("Plaintiff"), proceeding pro se,

in support of her Motion for Summary Judgment (ECF No. 57) and in response to

Defendant First Federal Credit Control, Inc.'s ("FFCC") Opposition (ECF No. 64).

**I. INTRODUCTION**

FFCC's opposition rests on three grounds: (1) that Plaintiff failed to establish a

reasonable investigation would have revealed inaccuracy; (2) that Plaintiff failed to

establish FFCC's investigation was unreasonable; and (3) that Plaintiff submitted no

evidence of willful misconduct. (ECF No. 64 at 1.) None survives the record.

Before reaching those arguments, one threshold failure controls: FFCC

submitted no affidavit, declaration, or documentary evidence of its own. The Case

Management and Scheduling Order requires that an opposition "shall" be

accompanied by "affidavit(s) and other evidence in the form required by Federal

1

Rule of Civil Procedure 56." (ECF No. 33 at 6, ¶ H.) FFCC's opposition is supported solely by attorney argument and an unverified recitation of general policies.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), controls. A party opposing a properly supported summary judgment motion "may not rest upon the mere allegations or denials of his pleading," but "must set forth specific facts showing that there is a genuine issue for trial." Id. at 248–49. Absent "any significant probative evidence tending to support" its position, a party cannot reach a jury on allegations alone. Id. at 249. FFCC's opposition is precisely what Anderson holds insufficient.

FFCC instead relies on three defective strategies: attacking the admissibility of Plaintiff's evidence while offering none of its own; citing caselaw that does not support the propositions asserted; and reciting written investigation policies as a substitute for proof any investigation actually occurred. The undisputed record—including Equifax's and FFCC's own discovery responses, dated account notes, and the sworn affidavit of the actual debt owner, Amanda M. Parfait—establishes that FFCC failed to conduct a reasonable investigation under 15 U.S.C. § 1681s-2(b), and that a proper investigation would have revealed the reported information was inaccurate.

## II. PLAINTIFF'S EVIDENCE IS PROPERLY AUTHENTICATED

FFCC argues Plaintiff's exhibits are inadmissible absent authentication by affidavit. (ECF No. 64 at 1–3.) FFCC itself concedes Plaintiff's affidavit is "possibly"

admissible (id. at 2)—a concession that is dispositive. Under Fed. R. Civ. P. 56(c)(4), an affidavit must be made on personal knowledge, set out admissible facts, and show competency to testify. Plaintiff's affidavit satisfies each element: as the subject of the disputed reporting, she has personal knowledge of the exhibits she submitted, including the credit report entries, ACDV dispute records, and FFCC correspondence sent directly to her.

The exhibits drawn from FFCC's own discovery production—the account notes (FFCC4, Ex. 1; FFCC5, Ex. 2), the internal fact sheet (FFCC6, Ex. 3), and FFCC's verified interrogatory responses—are party admissions under Fed. R. Evid. 801(d)(2) and require no separate authentication. FFCC cannot challenge the admissibility of its own discovery responses. The Declaration and Affidavit of Amanda M. Parfait (ECF No. 55, Ex. A) is independently admissible on the same Rule 56(c)(4) grounds; her sworn statement that she—not Plaintiff—owns the disputed debt is competent, first-hand evidence that FFCC never rebuts under oath.

### III. THE UNDISPUTED RECORD ESTABLISHES BOTH AN UNREASONABLE INVESTIGATION AND A DIFFERENT RESULT

FFCC argues Plaintiff cannot show its investigation was unreasonable, and separately that a proper investigation would not have changed the result. Both arguments fail on the same evidence.

#### A. Reciting a Policy Is Not Proof the Policy Was Followed.

Describing a policy is not proof it was followed. FFCC's own dated account

notes show an "investigation" between November 25 and December 3, 2024, consisted of requesting documents from personnel and mailing documents to Plaintiff. FFCC's own policy requires notation of investigation activity (ECF No. 64 at 10, ¶ D (3)), yet the account records contain no notations of any investigation between June 5 and June 11, 2025—the period Plaintiff's reinvestigation disputes were pending and ultimately "verified." The absence of notes, measured against FFCC's own mandatory documentation policy, is compelling evidence no investigation occurred.

**B. FFCC Applied the Wrong Procedure.**

FFCC's stated procedure compares dispute information against balance, creditor, and date data (ECF No. 64 at 9, ¶ C)—a framework designed for balance disputes, not identity disputes. Plaintiff did not dispute the balance; she disputed that the account belonged to her at all. A reasonable jury could conclude that applying a balance-check procedure to an identity dispute is, by definition, unreasonable.

**C. A Reasonable Investigation Would Have Revealed the Inaccuracy—From FFCC's Own File.**

Under Felts v. Wells Fargo Bank, 893 F.3d 1305, 1312–13 (11th Cir. 2018), Plaintiff must show a reasonable investigation would have produced a different result. She does. The following facts were visible in FFCC's own file without any external inquiry:

- Name discrepancy: FFCC's records listed the debt to "Amanda M. Parfait," a different middle initial than Plaintiff, Amanda A. Parfait.

4

- Date of birth discrepancy: FFCC listed 07/14/1994; Plaintiff's actual date of birth, per the ACDV, is 01/02/1987. On e-OSCAR, both date of birth and SSN were listed as unknown.
- Address discrepancy: the itemized hospital statement listed 1781 Grande Pointe Blvd, #9109, Orlando, FL 32839—an address Plaintiff never lived at; Plaintiff has resided at 10422 Bridlewood Ave., Orlando, FL 32825 since 2016.
- SSN mismatch: FFCC did not possess Amanda M. Parfait's SSN and instead used Plaintiff's for comparison, with no basis to connect the two.
- Internal fact sheet: FFCC's own records (FFCC6) confirmed the debt belonged to Amanda M. Parfait, yet only the first and last name—without the middle initial—was reported to Plaintiff's credit file.
- Affidavit of the actual debt owner: Amanda M. Parfait has sworn under oath that the debt is hers, not Plaintiff's—direct evidence that a reasonable investigation would have reached a different result.

FFCC's reliance on Holden v. Holiday Inn Club Vacations, Inc., 98 F.4th 1359, 1363 (11th Cir. 2024), is misplaced; Holden addressed a contractual dispute without a straightforward answer. This case presents an objective identity mismatch between two real people, confirmed by FFCC's own internal records and the sworn testimony of the actual account owner—objectively and readily verifiable, and sitting in FFCC's own file the entire time. FFCC's citation to Walker v. Experian, 2024 U.S. Dist. LEXIS 56129 (M.D. Ala. Mar. 28, 2024), for the proposition that it had "no

right" to remove the account (ECF No. 64 at 5, ¶ 2) is irreconcilable with FFCC's own policy stating that a mismatch requires removal (id. at 9, ¶ C). Because FFCC submitted no affidavit, no testimony from the employee who handled the dispute, and no documentation of any investigation, there is no competing evidence for a jury to weigh.

## IV. THE RECORD SUPPORTS A FINDING OF WILLFUL MISCONDUCT UNDER 15 U.S.C. § 1681n

FFCC's assertion that Plaintiff submitted "no evidence of willful misconduct" (ECF No. 64 at 11) ignores the record. Willfulness under § 1681n includes "reckless disregard" for the FCRA's requirements. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007). Taken together, the record supports such a finding: FFCC verified Plaintiff's account as accurate despite glaring, internally visible discrepancies in name, date of birth, address, and SSN; FFCC applied a balance-verification procedure to an identity dispute; FFCC's own documentation policy required investigation notes, yet none exist for the June 2025 reinvestigation period; and Plaintiff's credit file carried another consumer's medical debt for approximately fourteen months despite repeated disputes. FFCC's claim that it "only provide[s] accurate information" as a matter of policy (id. at 9, ¶ 1) is directly contradicted by its reporting of Amanda M. Parfait's debt to Plaintiff's file. FFCC also faults Plaintiff's citation to Williams v. First Advantage LNS Screening Sols., Inc., 947 F.3d 735 (11th Cir. 2020) (ECF No. 64 at 11 n.1); regardless, the controlling standard, Safeco, squarely supports Plaintiff's position. Finally, this Reply does not seek a damages

6

determination—it seeks a finding of liability on the undisputed facts; damages evidence will be presented at trial.

## V. CONCLUSION

FFCC's opposition presents no genuine dispute of material fact. Defendant submitted no affidavit, declaration, or documentary evidence, and its recited policies do not substitute for proof those policies were applied to Plaintiff's dispute. The undisputed evidence—FFCC's own account notes, internal fact sheet, verified discovery responses, Plaintiff's Affidavit, and the Affidavit of Amanda M. Parfait—compels the conclusion that FFCC failed to conduct any meaningful investigation into an identity-based dispute it had every reason and obligation to investigate carefully. FFCC verified inaccurate information about a debt belonging to a stranger and allowed it to burden Plaintiff's credit file for approximately fourteen months, reflecting, at minimum, reckless disregard for the FCRA's requirements. Plaintiff respectfully requests that this Honorable Court grant her Motion for Summary Judgment against Defendant First Federal Credit Control, Inc. and award such other and further relief as is just and proper.

Dated: July 6, 2026,

Respectfully submitted,

Amanda A. Parfait, Pro Se
10422 Bridlewood Ave
Orlando, FL 32825
(561) 914-6561
sewtillblue@gmail.com

7

<u>**Certification Under Penalty of Perjury That Artificial Intelligence**</u>
<u>**Was Used in the Preparation of This Filing**</u>

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: to reorganize Plaintiff's reply draft in response to FFCC's opposition. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure, and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure, and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing, I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

## CERTIFICATE OF SERVICE

I, Amanda A. Parfait, hereby certify that on July 6, 2026, I presented the foregoing

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY

JUDGMENT with the Clerk of the Court, which will send notification to Defendant FFCC by

way of the CM/ECF system and to all counsel of record.

8